State
vs.
Jerzy Zodzik } Ind. No. 16677.

September 20, 1933.

O'CONNELL, J. The defendant was tried and convicted on a charge of statutory burning and thereafter filed a motion for a new trial which was

duly argued by counsel in open court, with permission to submit briefs later. The Court now considers the questions raised on the motion for a new trial.

The evidence disclosed that the building in question, located on Mill street in the City of Central Falls, consisted of stores on the ground floor, all of which were let at the time of the fire on July 7, 1932, two tenements on the second floor, both occupied, one of them by the defendant and his family, consisting of his wife and two small children, and rooms on the third floor, seven of them occupied and rented by three persons. The total rent being received in July was $179, at the rate of $2148 per year.

The building was insured for $15,-000, although the evidence disclosed that the defendant paid $18,000 for the property, which was valued by the insurance adjusters at $17,000.

The property damage was $2746 which was paid to the mortgagee and not to the defendant.

The evidence presented by the State was purely circumstantial, there being no direct testimony that the fire was started by the defendant. The fire was discovered about 3 A. M., at which time a witness saw the defendant coming out of the house with a child in his arms and shouting "Help". His wife carried another child in her arms. The defendant was dressed in his underwear, drawers and shirt, wearing overalls and barefoot.

The State's contention was that the defendant intended to destroy the third floor, to lower the building thereby and to secure a new roof, but it seems hardly reasonable to believe that he would seek to destroy a top floor that was bringing him a rental of $26 per month or $312 a year and risk the loss of his entire building, fully occupied and bringing him in rent at the rate of $2148 per year, which was insured for only $15,000 and which had cost him $18,000.

While the circumstances surrounding this burning were unquestionably suspicious, suspicion cannot take the place of proof. In every criminal case the evidence must show the defendant guilty, as charged in the indictment, beyond a reasonable doubt, and while the Court looks with harsh disapproval upon the burning of dwelling houses and other buildings and has imposed severe punishment in all such cases coming before it for sentence, yet it is imperative in the strict administration of justice that the rights of persons accused of crime should be as zealously preserved as the rights of the public.

While the Court hesitates to disturb the verdict of a jury and has had occasion to do so only infrequently, yet in the instant case the Court is firmly convinced that the evidence adduced at the trial does not prove the guilt of the defendant beyond a reasonable doubt.

The defendant's motion for a new trial, for the reasons hereinbefore set forth, is therefore granted and a new trial ordered.

For State: The Attorney General.

For defendant: William H. McSoley, William G. Troy, and Henry E. Crowe.